The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dilliard. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of the Findings of Fact and Conclusions of Law with regard to the issue of plaintiff's failure to timely file notice under N.C. Gen. Stat. § 97-22.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, defendant-employer regularly employing three or more employees, one of whom was the plaintiff.
2. Defendant-employer is a duly qualified self-insured for workers' compensation insurance with Crawford and Company as its adjusting agent.
3. The parties stipulated current wage data reflecting plaintiff's employment with Loye's Grading and Tree Service, which began on June 6, 1994. This data was received into evidence and was marked as Plaintiff's Exhibit Number Nine.
4. The parties tendered a packet of exhibits marked as Stipulated Exhibit Number One, which included exhibits marked as Plaintiff's Exhibit Number Two, Three, Four, Five, Six, Seven, Twelve and Thirteen; and Plaintiff's Exhibit One, Ten, Eleven, and Fourteen, were subsequently admitted.
5. Subsequent to the initial hearing, the parties took the depositions of Dr. LaMont Morrisey, Paul Bernard Brugger, D.C., and Dr. Stephen C. Robinson which are incorporated into the record of this hearing. The objections made at the deposition are ruled upon in accordance with the law and the Opinion and Award in this case.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On May 12, 1993 plaintiff was employed by defendant-employer as a trimmer. Plaintiff's duties included trimming trees, which involved climbing and working in trees; removing trees and brush, cleaning up and disposing of all debris; cutting up felled trees; and operating power equipment.
2. Plaintiff contends that on or about May 12, 1993 while in the course of his regular job of cleaning some brush he stepped in a hole on the jobsite on Pomroy Street. Although plaintiff testified that this incident occurred on May 12, 1993, defendants' records and testimony of their employees revealed that the Pomroy Street job was undertaken by the defendants and completed sometime between April 20, 1993 and April 30, 1993. Some of plaintiff's co-worker's witnessed the incident where he stepped in a hole. The testimony of plaintiff's foreman revealed that plaintiff stepped in the hole and sat down on the ground. The plaintiff told his foreman at the time that he was "okay".
3. Following the incident when plaintiff stepped in the hole on either May 12, 1993 or sometime between April 20 and April 30, 1993 the plaintiff continued to work for defendant-employer through October 26, 1993. During that period of time the plaintiff made no complaints of pain. Plaintiff performed his regular duties without missing time from work, without requesting to see a doctor, and without complaining of any back or right leg pain.
4. On September 15, 1993, the plaintiff sought medical treatment from Chiropractor Paul Brugger, whom he had seen between December, 1991 and May of 1992 for complaints of back pain and left hip pain. On September 15, 1993, plaintiff complained to Dr. Brugger of right hip pain which according to the history he gave began "two months before". There was no mention to Dr. Brugger of a work-related incident.
5. On October 26, 1993, the plaintiff reported to his supervisor, Roger Skenes, that he had injured his back when he stepped in hole on the jobsite "two months earlier". The plaintiff last worked for defendant on October 28, 1993 and he gave written notice of his alleged May 12, 1993 work accident on November 4, 1993.
6. On October 28, 1993, the plaintiff was seen by Dr. Jesse Wilson complaining of a "three month history" of low back pain following an injury at work when he stepped in a hole. After treatment with Dr. Wilson for several weeks, the plaintiff was eventually referred to Dr. Stephen C. Robinson. Plaintiff saw Dr. Robinson on December 6, 1993 and indicated that his problem began on May 12, 1993 when he stepped in a hole. The plaintiff gave a history to Dr. Robinson that his symptoms seemed to improve a week following the incident but that "a month ago his symptoms became much more severe". On December 8, 1993, Dr. Robinson reviewed the plaintiff's diagnostic tests which revealed a disc herniation at the L4-5 level on the right. Based upon this diagnosis, Dr. Robinson recommended that plaintiff undergo surgery, and on January 7, 1994, plaintiff underwent surgery to repair the herniated disc at L4-5.
As of August 9, 1994 the plaintiff was rated by Dr. Robinson with a fifteen (15) percent permanent-partial disability to the back. The plaintiff had, by that time, returned to work with a grading and tree service company. This new job had commenced in June of 1994.
7. The plaintiff gave inconsistent statements about his work history and the history of his alleged incident to his medical providers.
8. The defendants were unable to thoroughly investigate the plaintiff's claim of accident because of the amount of time that elapsed between the alleged date of the accident and the time plaintiff actually reported it. Even though some of the employees did remember the plaintiff stepping in a hole, records do not indicate the company to have been working on the jobsite on Pomroy Street on May 12, 1993. The plaintiff did not receive any medical treatment after the incident of stepping in the hole and did not request any medical treatment and it is now difficult to determine when the plaintiff's herniated disc actually occurred in light of his prior treatment for back pain and in light of the fact that he worked without complaint of pain for several months after his incident of stepping into a hole.
9. When the plaintiff did seek medical treatment in September of 1993 he reported to his doctors that his pain had only begun two months previous which would be July of 1993. Later the plaintiff saw Dr. Wilson in October of 1993 and reported a three month history of low back pain which would likewise be July of 1993. When the plaintiff finally reported to his supervisor, Roger Skenes, that he had injured his back when stepping into a hole, he initially reported that he had stepped in the hole in August of 1993. No explanation was offered by the plaintiff at the hearing for the many inconsistencies as to dates and history given.
10. After the plaintiff reported to his employer in October of 1993 that he had injured his back and that he was having back pain plaintiff was offered light work and was offered the opportunity of changing work crews but the plaintiff would not accept the changing of crews. During this period of time the plaintiff asked his employer to back date the workers' compensation forms for him but Roger Skenes declined to do so.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
The plaintiff, during the period of late April or May of 1993, stepped into a hole while pulling brush in the normal course of his employment; however, plaintiff has failed to carry the burden of proof and has failed to establish by the greater weight of the evidence that the incident of stepping into the hole on or about May 12, 1993 resulted in the herniated disc at the L4-5 level for which surgery was ultimately performed by Dr. Robinson and for which the plaintiff was given a fifteen (15) percent permanent-partial disability rating to this back. Plaintiff was treated for back pain for several months prior to the incident of stepping into the hole and the plaintiff worked without complaint of pain and without missing time from work for several months following the stepping in the hole incident. Therefore, this incident of stepping in the hole was not followed by an injury and the plaintiff did not sustain an injury by accident arising out of and in the course and scope of his employment with defendant-employer. N.C. Gen Stat. § 97-2(6).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
ORDER
1. Plaintiff's claim must under the law must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ J. RANDOLPH WARD COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER